**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Olvyn Avilo Berrios Osorio, | Case No. 25-cv-3115 (ECT/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Federal Bureau of Prisons; and Warden of FCI Sandstone, | |
| Respondents. | |

Petitioner Olvyn Avilo Berrios Osorto has filed a federal habeas petition challenging how the Federal Bureau of Prisons ("BOP") has calculated his sentence.[1] (Doc. 1). This matter is currently before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Upon that review, this Court recommends that Mr. Berrios Osorto's petition be denied and that this matter be dismissed without prejudice.

Mr. Berrios Osorto's claim concerns the relationship between the sentences in his two criminal cases. Mr. Berrios Osorto was first sentenced on September 29, 2020, in the Western District of Texas to a total term of imprisonment of 48 months after pleading guilty to one count of conspiracy to transport illegal aliens in violation of 8 U.S.C. § 1324.

---

[1] Although the case caption spells Mr. Berrios Osorto's name differently ("Osorio"), his Memorandum in support of his petition, along with the criminal cases referenced in his petition spell his last name "Osorto." *See* (Doc. 3). Accordingly, the Court views "Osorio" as a typographical error and spells his last name as it appears in those documents: Osorto.
[2] Although Mr. Berrios Osorto's habeas petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases in the United States District Courts nevertheless apply to his petition. *See* Rule 1(b).

1

*See United States of America v. Olvyn Abilo Berrios-Osorto*, No. 2:19-CR-00290-AM-1 (W.D. Tex.) (Doc. 48) ("*Berrios Osorto I*"). Pursuant to 18 U.S.C. § 3584(a), he received credit for time served in custody since April 22, 2019. *Id.* According to documents submitted with Mr. Berrios Osorto's petition, he was apparently released from this sentence sometime in 2022. (Doc. 1-1 at 16.)

After his *Berrios Osorto I* sentence was imposed (and perhaps served), Mr. Berrios Osorto was sentenced in another federal district court to 120 months' imprisonment based on his conviction for possession with intent to distribute 500 grams or more of methamphetamine. *See United States v. Olvyn Abilo Berrios-Osorto*, No. 4:19-CR-174 (S.D. Tex.) (Doc. 164) ("*Berrios Osorto II*"). The *Berrios Osorto II* court ordered that this sentence be served concurrently with the sentence imposed in *Berrios Osorto I*. *Id.* The BOP has refused to credit Mr. Berrios Osorto with any time served on *Berrios Osorto I* because that sentence was finished by the time Mr. Berrios Osorto was sentenced in *Berrios Osorto II*.

Mr. Berrios Osorto asserts the *Berrios Osorto II* court was clear in ordering his sentence concurrent to *Berrios Osorto I*, and that means he must receive credit for all time spent in custody on *Berrios Osorto I*. (*See* Doc. 3.) In its administrative response to Mr. Berrios Osorto, the BOP asserted that since Berrios Osorto was no longer serving a sentence in *Berrios Osorto I* when he was sentenced in *Berrios Osorto II*, the two sentenced cannot run concurrently, so there is nothing to credit. (*See* Doc. 1-1.)

"A federal sentence cannot commence prior to the date it is pronounced. Consequently, when a federal sentence is ordered to run concurrently with a sentence being

2

served, *it can only run concurrently with that part of the prior sentence remaining to be served.*" *Mathison v. Morrison*, Case No. 06-CV-3496 (JMR/AJB), 2007 WL 3224671, at *4 (D. Minn. Nov. 1, 2007) (quoting *United States v. McLean*, 867 F.2d 609 (4th Cir. 1989) (Table) (per curiam)). In this case, Mr. Berrios Osorto was sentenced in *Berrios Osorto II* to a term of imprisonment of 120 months on May 18, 2023. According to documents before this Court—to which Mr. Berrios Osorto lodges no objection—it appears extremely unlikely he was still serving a sentence in *Berrios Osorto I* at that time. (*See* Doc. 1-1 at 16 (indicating Mr. Berrios Osorto satisfied his sentence in *Berrios Osorto I* while awaiting sentencing on *Berrios Osorto II*).) If that is the case, the sentences cannot be concurrent (that is, run at the same time) whatsoever.

Even if Mr. Berrios Osorto had time left on the sentence in *Berrios Osorto I* when he was sentenced in *Berrios Osorto II*, his argument that he should receive the same credit for time served in *Berrios Osorto II* that he did in *Berrios Osorto I* would fail. Concurrent does not mean that the sentences in *Berrios I* and *Berrios II* have the same start date. *See Sisemore v. Outlaw*, 363 F. App'x 424, 424-25, 2010 WL 364351 (8th Cir. Feb. 3, 2010) (citing *Coloma v. Holder*, 445 F.3d 1282, 1283-84 (11th Cir. 2006) (per curiam) (explaining that district court's order that prison term should run concurrently with prison term already being served did not mean that the two sentences had the same starting date). Rather, for purposes of credit calculation, "concurrent" means that Mr. Berrios Osorto would serve his term of imprisonment in *Berrios Osorto II* at the same time as he serves whatever *remaining* time he has yet to serve on his first sentence in *Berrios Osorto I*. *See Kennedy v. Terrell*, Case No. 09-CV-1043 (PAM/JSM), 2010 WL 2130976, at *4 (D.

3

Minn. Apr. 29, 2010), *R. and R. adopted*, 2010 WL 2130995 (D. Minn. May 24, 2010). Mr. Berrios Osorto's habeas claim, therefore, fails. The BOP cannot reach back and apply the credit received in *Berrios Osorto I* to the later-pronounced sentence in *Berrios Osorto II*. Section 3585(b) "allows a defendant to receive credit for time he has served in custody prior to the commencement of a sentence, arising out of the offense for the sentence imposed, so long as the time 'has not been credited against another sentence.'" *Kennedy*, 2010 WL 2130976, at *4 (quoting 18 U.S.C. § 3585(b)). The plain language of § 3585(b) therefore makes clear that a defendant cannot "receive double credit for his detention time." *Id.* (quoting *United States v. Wilson*, 503 U.S. 329, 337 (1992)). Because Mr. Berrios Osorto received credit for custody time in *Berrios Osorto I*, that time is not available for credit towards his sentence in *Berrios Osorto II*.

In sum, to the extent that Mr. Berrios Osorto was still serving a sentence in *Berrios I* when he was sentenced in *Berrios Osorto II*, his sentence in *Berrios II* ran concurrently with any remaining time he had *left* to serve in *Berrios Osorto I*. The jail credit Mr. Berrios Osorto received *Berrios Osorto I* cannot be applied to his term of imprisonment in *Berrios Osorto II*. And if there was no sentence left to serve in *Berrios Osorto I* by the time of Mr. Berrios Osorto's sentence in *Berrios Osorto II*, the two sentences cannot be concurrent. Accordingly, Mr. Berrios Osorto's habeas petition should therefore be denied and this matter dismissed without prejudice on that basis.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** Petitioner Olvyn Avilo Berrios Osorto's petition for habeas corpus relief under 28 U.S.C. § 2241 (Doc. 1) be **DENIED** and that this matter be dismissed without prejudice.

Dated: August 28, 2025                    _s/Douglas L. Micko_____
                                          DOUGLAS L. MICKO
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).